## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INGRAM BARGE COMPANY LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-261** |
| **CAILLOU ISLAND TOWING COMPANY INC., ET AL.** | **SECTION "L" (2)** |

## ORDER AND REASONS

Before the Court is a "Motion for Summary Judgment" by Petitioner Caillou Island Towing Co., Inc.[1] R. Doc. 29. Claimant Cecil Brashear opposes the motion.[2] R. Doc. 33. Caillou Island replied. R. Doc. 44. Considering the briefing of the parties, the applicable law, and the record, the Court now rules as follows.

### I.    BACKGROUND

These three consolidated limitation actions arise out of a vessel collision on November 26, 2020 near mile marker 74.4 of the Mississippi River in Plaquemines Parish. R. Doc. 1.[3] On that date, around 3:30 a.m., the M/V *La Belle*, a push boat owned and/or operated by Petitioner Caillou Island Towing Company, Inc. ("Caillou Island"), and the M/V *Helen*, a towing vessel owned and/or operated by Petitioner Central Gulf Towing, L.L.C. ("CGT"), were towing downriver a 500-foot dredge pipe owned by Claimant Manson Construction Company ("Manson"). R. Doc. 12 at 12; R. Doc. 8 (Case No. 21-489). At the same time, the *David G.*

---

[1] In this consolidated limitation action, Caillou Island Towing Co., Inc. is also: Consol. Plaintiff/Consol. Petitioner/Defendant/Consol. Third Party Defendant/Consol. Counter Defendant/Consol. Claimant/Cross Defendant/Counter Claimant

[2] In this consolidated limitation action, Cecil Brashear is also: Consol. Counter Defendant/Consol. Claimant/Counter Defendant

[3] For the sake of simplicity, unless otherwise specified, all citations to the record refer to case number 21-261, the lead case in these proceedings.

*Sehrt* (*DGS*), a towing vessel owned by Petitioner Ingram Barge Company, LLC ("Ingram Barge"), was pushing 18 empty barges upriver. R. Doc. 1 at 2. The *DGS* collided with the dredge pipe, allegedly causing damage to the vessels and the dredge pipe and injuring Claimant Cecil Brashear, a Jones Act seamen employed by Caillou Island who was serving aboard the *La Belle*.

Each of the vessel owners claimed exoneration from or limitation of liability under the Limitation of Liability of Shipowners Act, 46 U.S.C. § 30501, R. Doc. 1 (Case No. 21-489); R. Doc. 1 (21-953); R. Doc. 1 (21-1008). The vessel owners also all asserted claims against one another, claiming that the other shipowners' vessels were unseaworthy and/or that the captains and crews of those other vessels operated them in a negligent fashion. R. Doc. 1 (21-261); R. Doc. 4 (21-261); R. Doc. 1 (Case No. 21-262). Claimant Manson filed a claim against Ingram Barge, alleging that its negligence was responsible for damage to the dredge pipe. R. Doc. 8 (Case No. 21-489).

Additionally, Claimant Cecil Brashear, the Jones Act seaman, allegedly was "violently knocked around in his bunk" as a result of the collision, sustaining "serious injuries to his neck, head, shoulder, and arm." R. Doc. 10 at 12. He filed personal injury claims in state court. This Court then issued a stay enjoining prosecution of Brashear's state court claims. After receiving notice of the limitation proceedings, Brashear answered filed his answers and claims in the limitation proceedings. Specifically, Brashear made claims under the Jones Act, 46 U.S.C. § 30104, and/or general maritime law against Caillou Island, R. Doc. 10 at 14, and CGT, R. Doc. 12 at 13.

## II.   PRESENT MOTION

Here, Caillou Island moves for summary judgment on Brashear's claims of maintenance and cure, unseaworthiness, and negligence. R. Doc. 29. Caillou Island argues that Brashear

cannot show that his injuries occurred while in the service of a vessel, as is required to recover for maintenance and cure, or that his injuries were caused by Caillou Island's conduct, as is required to prove negligence and unseaworthiness. *Id.* at 7-9. In support of its position, Caillou Island points to the report of its independent medical examiner, who concluded that all of Brashear's alleged injuries pre-existed the vessel collision. *Id.* at 6. Notably, Caillou Island concedes that there are other medical reports in the record, written by Brashear's post-collision treating physicians, which indicate that Brashear's injuries were caused by the vessel collision. *Id*. at 10. However, Caillou Island contends that these reports should be disregarded. *Id.* Caillou Island avers that, during early discovery, additional medical records came to light showing that Brashear's complained-of injuries predate the vessel collision and that Brashear concealed this information from his post-collision treating physicians. R. Doc. 44 at 1, 5. Because Brashear's post-collision treating physicians compiled their reports without this crucial information, Caillou Island insists that all such reports are "moot." *Id.* Caillou Island argues that, without these reports, Brashear is unable to raise a genuine issue of fact as to the elements of causation and injury during service on a vessel. R. Doc. 29 at 9-10. Thus, Caillou Island argues that the Court should grant it summary judgment on all of Brashear's claims. *Id.*

Brashear opposes the motion, offering two arguments in support. R. Doc. 33. First, he contends that there are items in the record which create genuine issues of fact as to the causation element for his negligence and unseaworthiness claims and the injury-during-service-on-a-vessel element of his maintenance and cure claim. *Id.* at 2-3. Specifically, Brashear points to his doctors' reports, which conclude that the vessel collision caused his injuries. *Id.* at 5-7. Although Brashear acknowledges that the newly-discovered medical records suggest that some of his injuries may have pre-existed the collision, he argues that the original doctors' reports are still

valid. *Id.* at 5. Second, Brashear argues that summary judgment would be premature, as the period for discovery has only recently opened and he intends to conduct depositions of the treating physicians. *Id.* at 4.

### III.   LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *see Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion."

*Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). But "unsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *see Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50).

## IV.   DISCUSSION

Here, summary judgment is inapposite as there are presently genuine issues of fact as to the elements of causation and injury while in service of a vessel. The doctors' reports in the record conflict as to whether Brashear's injuries were caused by the vessel collision or pre-existed the incident. R. Doc. 29-2 at 18; R. Doc. 29-5 at 14. Although Caillou argues that the reports drafted by Brashear's post-collision treating physicians must be discounted because they were written without knowledge of Brashear's pre-existing injuries, it is not the province of the Court to weigh this evidence on a motion for summary judgement. *See Delta & Pine Land Co.*, 530 F.3d at 398. Rather, the relative persuasiveness of this evidence is a question for the factfinder to address at trial. *See American Mfrs. Mutual Ins. Co. v. Colbert*, 48 F. 3d. 530 (5th Cir. 1995). Furthermore, the Court observes that the mere fact that Brashear had pre-existing injuries of the same type he alleges occurred during the vessel collision does not preclude a finding that the collision caused him compensable harm; it is possible, at least at this stage of the litigation, that the collision could have exacerbated Brashear's pre-existing injuries. Of course, Brashear's failure to inform his post-collision treating physicians of his pre-existing injuries—if true—is a fact that the jury may consider in determining the weight that should be accorded to the testimony of Brashear's physicians.

In addition to the fact issues just discussed—which alone preclude summary judgment—the Court observes that Caillou Island's motion for summary judgment is also premature. Under

Federal Rule of Civil Procedure 56(d), the Court may deny a motion for summary judgment as premature if the nonmovant shows that "for specified reasons, it cannot present facts essential to justify its opposition." The fact that important depositions have yet to be taken can constitute such a "specified reason" as to why essential facts are missing. *See Delozier v. S2 Energy Operating*, No. 18-14094, 2020 WL 1166971 at *1 (E.D. La. March 11, 2020) (denying a motion for summary judgment as premature where the parties had not yet conducted "depositions which are crucial to the determination of the issues").

Here, Brashear states that he has not yet taken the depositions of his treating physicians; these depositions will, of course, bear on whether Brashear's injuries were caused or exacerbated by the vessel collision. That is, this testimony will directly relate to the causation element of Brashear's negligence and unseaworthiness claims and the injury-in-service-of-a-vessel element of his maintenance and cure claim. Because Brashear has alleged a specific reason as to why facts essential to his claim have yet to be obtained, he has met his burden under Rule 56(d). *See Delozier*, 2020 WL 1166971 at *1. Moreover, the discovery deadline in this case is October 11, 2022—over three months away. Brashear thus has time to conduct the discovery he says is needed. Accordingly, the consideration of prematurity also weighs in favor of denying Caillou Island's motion for summary judgment.

## V.     CONCLUSION

For the foregoing reasons,

  **IT IS ORDERED** that Caillou Island's Motion for Summary Judgment, R. Doc. 29, is **DENIED**.

New Orleans, Louisiana, this 5th day of July, 2022.

**ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**